## BARKSDALE *et al. vs.* SMITH, BELL & CO.

Notwithstanding proceedings have been irregularly conducted, yet, if no principle has been violated or right infringed, and the parties have reached the same result as they would have attained if everything had been formally transacted, the matter will not be disturbed.

Assumpsit, in Wilkes Superior Court. Tried before Judge Thomas, at the September Term, 1860.

The record in this case presents the following facts and questions, to wit:

Mrs. Sarah Stokes died testate. Amongst other things, she directed, in her will, that certain property should be sold, and that the funds arising therefrom "be put at interest, the said interest to be applied to the support and education of her grandson, John A. Stokes, and the support of his father, Armstead Stokes, during his natural life, and if the said John A. Stokes should survive his father, then the whole to go to, and vest in, him and his heirs forever: *provided, nevertheless,* that if the said John A. Stokes should die before he arrives at the age of twenty-one years, or without heirs, then the interest aforesaid shall be applied to the maintenance and support of his father, Armstead T. Stokes, during his life, and after his death, the principal, with the interest, if any, to be equally divided" amongst other named legatees.

The will further provided that the property bequeathed by it should be for the sole and separate use and benefit of the legatees, and not subject to any debts or contracts, but to be received and managed by a trustee.

There was no trustee appointed in the will.

Nicholas G. Barksdale was duly qualified as administrator of Sarah Stokes, with the will annexed, and before any trustee was appointed, an order was drawn on, and accepted by him, of which the following is a copy:

"September 2d, 1852.

"MR. N. G. BARKSDALE:

"Will please pay Smith, Bell & Co. one hundred and forty-five dollars and fifty-eight cents, my account with them for the year 1851, and this shall be your receipt for the same.

"A. T. STOKES."

On the back of the order was written the following acceptance:

"I accept the within, conditioned upon any funds over, coming into hand.                    N. G. BARKSDALE.

"October 7th, 1852."

N. G. Barksdale acted as administrator, with the will annexed, of Sarah Stokes, from 1848 up to the time of his death, in the latter part of the year 1856.

Thomas A. Barksdale and James H. Willis were appointed administrators of N. G. Barksdale, and continued to manage

the property bequeathed by Sarah Stokes, for the support of John A. Stokes and Armstead T. Stokes, until September or October, 1857, when William M. Reese was appointed trustee for Armstead T. Stokes and John A. Stokes.

In October, 1857, Reese and the administrators of Barksdale came to a settlement, in which it was found that there was due the trustee of the Stokeses something over $7,000, which amount was subject to various demands against the Stokeses for support, etc., some of which were allowed in the settlement.   These being deducted, left over $5,000, which the administrator of Barksdale paid over to Reese, the trustee.

Smith, Bell & Co. sued the administrators of Barksdale to recover the amount of the draft.

The foregoing facts appearing in the evidence on the trial together with the fact that Armstead Stokes and John A. Stokes were both then living, and that the latter was a minor, the presiding Judge charged the jury:

That if they believed the facts relative to the settlement between the defendants and Reese, that there were funds over, coming into the hands of the defendants' intestate, the condition of the acceptance was complied with, and Barksdale was liable on the acceptance.

The jury found for the plaintiffs the amount of the draft; whereupon, the counsel for defendants moved for a new trial, which new trial was refused, and that refusal is the error complained of.

SAMUEL BARNETT, for plaintiffs in error.

HESTER & AKERMAN, contra.

By the Court.—LUMPKIN, J., delivering the opinion.

Regularly, there should have been appointed, at the beginning, a trustee for A. T. and John A. Stokes to receive from the administrator, with the will annexed of Mrs. Sarah Stokes, the funds bequeathed by her will for the support, maintenance, etc., of her grandson and his father; but, in point of fact, none such was appointed until recently.   As is usual in such cases, Mr. N. G. Barksdale, the administrator, executed the trusts of the will.   And while thus acting, accepted the draft drawn by A. T. Stokes on him, in favor of

Smith, Bell & Co., the plaintiffs in the action for the drawers account with them, for the year 1851. True, the acceptance was conditional, "provided he had in his hands any funds *over*," meaning, we suppose, over and above liabilities already incurred for A. T. Stokes. The proof shows, and it is distinctly admitted in the argument, that the funds in hand were ample to pay this debt. The conditional acceptance, then, becomes absolute, and the estate of Barksdale, he having in the meantime died, is liable to the plaintiffs. Why should not the amount be retained by the representatives of Barksdale, in the settlement with Mr. Reese, the present trustee? We admit the irregularity of this whole proceeding, from beginning to end; and yet, after sundry and circuitous litigation in chancery, the parties would reach the same result. If no principle, then, is violated, and no right invaded, it is better that the parties be spared this expense and delay, by affirming the judgment of the Court below.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed.